Jeovanny Francisco AGUIRRE,
Appellant

v.

The STATE of Texas, Appellee

NO. 14–14–00748–CR

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed March 1, 2016

Shannon Leigh Love, Richmond, TX, for Appellant.

Jenna Rudoff, Richmond, TX, for Appellee.

Panel consists of Justices Christopher, Donovan, and Cabaniss.[1]

## OPINION

John Donovan, Justice

Appellant, Jeovanny Francisco Aguirre, appeals his conviction for continuous sexual abuse of a young child. In seven issues, he contends the trial court erred by denying his motion to suppress evidence of the offense obtained pursuant to a search warrant. We affirm.

### I. BACKGROUND

On July 23, 2012, Detective Mayra Cardenas executed a probable cause affidavit to obtain a search warrant for a list of items, including various electronic devices and information stored electronically, at a home. Detective Cardenas averred she had been a police officer for nine years and had experience investigating "sex re-

---

1. The Honorable Katherine Cabaniss sitting by assignment.

lated offenses against others." Detective Cardenas opined the items to be seized would constitute evidence that appellant committed continuous sexual abuse of complainant through multiple instances of aggravated sexual assault and indecency over several years when complainant was younger than fourteen. *See* Tex. Penal Code Ann. § 21.02(b), (c)(2), (4) (West Supp. 2015); *id.* § 21.11(a)(1) (West 2011); *id.* § 22.021 (West Supp.2015) (providing person commits continuous sexual abuse of young child if, during a period of thirty days or more, person commits two or more acts of sexual abuse, including indecency through sexual contact other than touching child's breast or aggravated sexual assault, and actor is seventeen or older and victim is younger than fourteen).

First, Detective Cardenas detailed, based on her personal investigation, the facts regarding the alleged offense. She averred that, on July 14, 2012, complainant's mother appeared at the police station and spoke with two other officers. According to the mother, complainant revealed the previous day that she had been sexually assaulted by appellant at complainant's home. Less than a week later, the director of a Child Advocacy Center conducted a forensic interview of complainant. During the interview, complainant described the following sexual abuse by appellant from approximately the summer of 2007, when complainant was ten, through January 2011, when she was fourteen.[2] When complainant was ten, appellant grabbed her breast while her mother was away. Then, during the next year, he took her into a closet and tried to get her to sit on his penis. When she stood up

and said that it hurt, he laid her on the floor and penetrated her vagina with his penis, causing her to have pain and bleed. He then told her "you started your period or you aren't a virgin anymore." On another occasion, appellant told her to kiss his penis and then grabbed her head and pushed his penis into her mouth but stopped when she gagged. Detective Cardenas relayed this instance in the singular but also averred that complainant said it occurred when she was "13 years and 14 years old," indicating there were multiple instances and the above was an example. Another time, appellant performed oral sex on complainant by placing his mouth on her vagina. On another occasion, appellant had complainant watch a pornographic movie; when she told him she did not want to, he let her turn around but had her perform oral sex on him while he watched the movie. On many occasions, "clear stuff" came out of appellant's penis which sometimes he wiped on a napkin and sometimes was in complainant's mouth. Although Detective Cardenas detailed certain instances of sexual activity, she also averred that complainant said the activity occurred about every other day and "whenever [appellant] had a chance" and would sometime stop and then start again.

Detective Cardenas further averred that complainant told the interviewer that appellant took photographs of her naked body with a Verizon Droid slider phone and a digital camera (the same model as her mother's). On one occasion, appellant set up a camera with a timer and had her lay on top of him while they were both

---

**2.** Other parts of the record reflect complainant's mother was appellant's girlfriend and they lived together during the time of the abuse but the relationship ended in January 2011. Detective Cardenas did not make such a direct assertion in the affidavit. However, the affidavit indicates appellant and the mother had a relationship based on the fact that appellant was present in complainant's home for five years, and as mentioned below, the mother was familiar with appellant's possessions.

naked and he put his penis between her legs. He got up several times to do "something" with the camera and then had intercourse with her. There were three different times when appellant placed the camera on the stand and had her perform sexual acts. At some point after January 2011 (the date of the last abuse), appellant sent complainant a Yahoo instant message stating he was "playing" with himself and a photo of his penis.

According to the affidavit, complainant's mother reported that she and appellant both had a Canon digital camera, and complainant and her mother both said appellant owned a laptop computer. The mother said appellant would not allow anyone to use his laptop and he took it everywhere whether he was in his personal vehicle or work van. Detective Cardenas observed both vehicles on July 20, 2012 at the house for which the warrant was sought, and the personal vehicle was registered to that address.

Detective Cardenas then set forth, based on her training and experience and conversations with more experienced investigators, general habits of persons with a sexual interest in children and child molesters, including the following: (1) they collect and use sexually explicit photographs and videotapes of children, including those with whom they have engaged in sexual activity, for a variety of purposes, including their own sexual stimulation, demonstrating the desired acts to the children, blackmailing the children, and sharing with others with similar proclivities; (2) if such a person possesses a photograph of a child naked, there is a high probability the child was molested around the time of the photo because posing the child is a great sexual stimulus for the person; (3) such persons use hard drives, CDs, floppy disks, and flash drives for viewing and exchanging materials via computer and use the internet for communicating with others with similar proclivities; (4) they likely keep materials in the home so that they have privacy when viewing; and (5) they rarely dispose of the materials and treat them as "prized possessions." Thus, Detective Cardenas concluded that the items for which she sought a warrant would constitute evidence of the offense.

A magistrate signed a search warrant, authorizing seizure of those items. Officers seized laptop computers, a camera, a flash drive, DVDs, cellular phones, an Ipod touch, and computer accessories. An analysis revealed that one laptop contained numerous photographs of appellant and complainant engaged in sexual acts and other pornographic photographs of complainant.

Appellant was indicted for continuous sexual abuse of a young child. Appellant filed a written motion to suppress all items seized, any statements he made at the time of the search, and any testimony of officers regarding such items or statements. The State filed a response. The trial court denied the motion after considering the written pleadings. Appellant then pleaded guilty, without a plea agreement. After hearing evidence on punishment, the trial court sentenced appellant to forty-five years' confinement and certified his right to appeal the pretrial ruling.

## II. Motion to Suppress

In seven issues, appellant contends the trial court erred by denying the motion to suppress because the search warrant was invalid. Appellant's issues all present various reasons that purportedly there was no probable cause established by affidavit to support issuance of the warrant.

### A. Applicable Law and Standard of Review

The United States and Texas constitutions provide that no search warrant

shall issue except· upon probable cause as supported by an oath or affirmation. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9. Similarly, the Texas Code of Criminal Procedure provides that no search warrant shall issue except upon an affidavit establishing probable cause. *See* Tex. Code Crim. Proc. Ann. art. 18.01(b) (West Supp. 2015).

We normally review a trial court's decision on a motion to suppress under a bifurcated standard, giving almost total deference to the trial court's findings of historical facts but reviewing *de novo* its application of the law to the facts. *State v. McLain*, 337 S.W.3d 268, 271 (Tex.Crim. App.2011). However, when the trial court is determining probable cause to support issuance of a search warrant, there are no credibility determinations; rather, the trial court is constrained to the four corners of the affidavit. *Id.* Accordingly, when reviewing the magistrate's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant. *Id.* As long as the magistrate had a substantial basis for concluding probable cause existed, we will uphold the magistrate's decision. *Id.* We may not analyze the affidavit in a "hypertechnical manner" and instead should interpret it in "a commonsensical and realistic manner," deferring to all reasonable inferences that the magistrate could have made. *Id.* "Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location." *Id.* at 272.

## B. Analysis

### 1. Consideration of evidence outside the affidavit

In his first issue, appellant contends the trial court improperly considered evidence outside the four corners of Detective Cardenas's affidavit.

In this regard, the record reflects that the trial court began ·a hearing on the motion to suppress. The State then asked to go off the record. Eventually, the trial court resumed the hearing on the record but moved to appellant's motion to reduce bond. Thus, the record omits any discussions at that point concerning the motion to suppress. During the hearing on the motion to reduce bond, the State offered Detective Cardenas's file which included an offense report. Appellant objected to admission of the file for purposes of that motion. Before ruling on the objection, the trial court inquired whether the file would be "helpful" in ruling on the motion to suppress. Appellant suggested the file could not be considered because the suppression issue was limited to the four corners of the affidavit.

The trial court admitted the file at least for purposes of the motion to reduce bond. After orally denying that motion, the trial court announced it would read the briefs on the motion to suppress and rule. The court expressed its intent to review relevant portions of the offense report when ruling on the motion to suppress "because there was some description in there that there was perhaps something in there that surrounded the actual event ... 'Event' meaning the arrest."

Appellant contends the trial court's comments demonstrate it improperly considered the offense report rather than limiting review to the four corners of the affidavit. However, the record does not reflect whether the trial court actually considered the report, irrespective of its oral comments, in ruling on the motion to suppress. Further, its comments indicate it may have thought, albeit incorrectly, there was also an issue in the motion

regarding legality of the arrest and it would review the report only for that issue. Nevertheless, as set forth above, our inquiry is whether, based on the four corners of the affidavit, **the magistrate** had a substantial basis for finding probable cause. *See id.* at 271. As explained below, we reject appellant's substantive challenges to the affidavit and hold that the magistrate properly found probable cause based on the four corners of the affidavit. Accordingly, we uphold the trial court's denial of the motion to suppress notwithstanding its comments regarding the offense report. We overrule appellant's first issue.

### 2. Contention regarding misrepresentations in affidavit

█ In his second issue, appellant argues the search warrant was invalid because Detective Cardenas's affidavit contained misrepresentations made intentionally, knowingly, or with reckless disregard for the truth which contributed to the magistrate's finding of probable cause.

█ In *Franks v. Delaware,* the Supreme Court of the United States held that when the defendant makes a substantial preliminary showing that a warrant affidavit contains a false statement made knowingly, intentionally, or with reckless disregard for the truth and that statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *see also Harris v. State,* 227 S.W.3d 83, 85 (Tex.Crim.

App.2007). If, at the hearing, the defendant establishes perjury or reckless disregard by a preponderance of the evidence, the false material is set aside. *Franks,* 438 U.S. at 156, 98 S.Ct. 2674; *Harris,* 227 S.W.3d at 85. If the remaining content of the affidavit does not still establish sufficient probable cause, the search warrant must be voided and evidence resulting from that search excluded. *Franks,* 438 U.S. at 156, 98 S.Ct. 2674; *Harris,* 227 S.W.3d at 85. To be entitled to a *"Franks* hearing," a defendant must do the following:

- Allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portions of the affidavit claimed to be false;
- Make an offer of proof stating the supporting reasons;
- Show that when the portions of the affidavit alleged to be false are excised from the affidavit, the remaining content is insufficient to support issuance of the warrant.

*Harris,* 227 S.W.3d at 85.

We glean two complaints from appellant's argument relative to Detective Cardenas's affidavit: (1) she intentionally, knowingly, or with reckless disregard for the truth embellished her training and experience; and (2) the affidavit was a "form" which contained inaccuracies and contents "cut and pasted" from an affidavit in another case, thus showing it was made with reckless disregard for the truth [3] However, relative to both contentions, appellant failed to meet his burden in the trial court.[4]

---

**3.** Appellant cites several instances in which Detective Cardenas, a female, referred to "his" rather than "her" investigation and experience. Appellant also refers to an allegedly "illogical" averment in which the detective included the following as property appellant possessed and was concealing: "1) To take

evidentiary photographs of the interior and exterior of the locations described herein above."

**4.** When setting forth factual background under this issue, appellant also notes that Detective Cardenas did not include on the return

The record does not reflect that appellant alleged in the trial court that the affidavit contained misrepresentations, much less that he asserted a *Franks* violation, requested a hearing, and made the requisite preliminary showing. In the written motion to suppress, appellant cited *Franks* only to support the general proposition that an affidavit must provide sufficient information to establish probable cause. As mentioned above, near the end of the hearing primarily devoted to the motion to reduce bond, the trial court expressed its intent to rule on the motion to suppress based on the written submissions. Appellant's counsel asserted, "in the State's reply brief and in the motion to suppress, they talked a lot about Officer Cardenas' training and experience, and I want to just remind you of that level that she had, or lack thereof, when you're going through that." This assertion did not sufficiently apprise the trial court that appellant was asserting there were misrepresentations in the affidavit, made intentionally, knowingly, or with reckless disregard for the truth, and requesting a *Franks* hearing. The assertion could be construed as an argument that the training and experience mentioned in the affidavit, while true, were insufficient to qualify Detective Cardenas to opine on the habits of pedophiles. Counsel was apparently referencing some earlier comment that he made, but because the previous discussions regarding the motion to suppress were not recorded, the record fails to reflect he presented the points necessary to obtain a *Franks* hearing.

On appeal, appellant cites an affidavit of his trial counsel attached to his appellate brief, in which counsel swore that (1) before or during the motion-to-suppress hearing, the State notified counsel that Detective Cardenas's affidavit contained some factual inaccuracies, (2) counsel believed the inaccuracies were "dictated into the record," and (3) the inaccuracies related to the detective not having the training or experience set forth in the affidavit. However, the record does not reflect that counsel's affidavit was presented to the trial court or that any inaccuracies in Detective Cardenas's affidavit were dictated into the record. We may not consider factual assertions that are outside the record, including an affidavit submitted for the first time on appeal. *Whitehead v. State,* 130 S.W.3d 866, 872 (Tex.Crim.App. 2004). Moreover, our review of the record is limited to the evidence before the trial court at the time of its ruling. *Id.* More specifically, the law requires that a party make the requisite showing in **the trial court** to obtain a *Franks* hearing. *See Harris,* 227 S.W.3d at 85.

In summary, because appellant failed to meet his burden in the trial court to invalidate the warrant on the ground the affidavit contained misrepresentations, we overrule his second issue.

### 3. . Contention that affidavit predicated on conclusory statements

■ In his third issue, appellant contends the affidavit failed to establish probable cause because, for several reasons, it contained conclusory statements and lacked sufficient factual information.

■ Wholly conclusory statements are insufficient to establish probable cause; sufficient information must be presented to

---

for the warrant the particular date in July 2012 that the warrant was executed. However, appellant fails to make any argument in support and limits his complaints to the two outlined above. Specifically, appellant fails

to show how lack of a date on the return demonstrates there were misrepresentations in the affidavit executed before issuance of the warrant.

the magistrate, and his determination of probable cause may not be "a mere ratification of the bare conclusions of others." *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *see Rodriguez v. State,* 232 S.W.3d 55, 61 (Tex. Crim.App.2007).

Initially, we point out that Detective Cardenas did not make mere conclusory statements, without any factual support, that she suspected appellant committed sexual abuse and might possess evidence of the offense. Rather, as outlined above, Detective Cardenas gave (1) detailed information regarding the alleged abuse as provided by complainant, and (2) a detailed opinion, based on her experience and training and conversations with more experienced officers, that appellant would likely possess the items to be seized.

■ However, appellant complains that Detective Cardenas failed to state she interviewed complainant or her mother or watched the interview of complainant at the advocacy center. It is not necessary that Detective Cardenas have personally interviewed complainant or her mother or watched the interview. The magistrate may rely on the affidavit of a police officer which is based on the knowledge of other officers. *State v. Anderson,* 917 S.W.2d 92, 96 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd) (quoting *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) when stating, "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."); *see Soto v. State,* No. 04–09–00280–CR, 2010 WL 4273173, at *5 (Tex.App.—San Antonio Oct. 29, 2010, no pet.) (mem. op., not designated for publication) (holding police officer's affidavit established probable cause to search defendant's home and considering, inter alia, portion of affidavit re-

citing contents of interview by FBI agents wherein child described forced sexual conduct by defendant). Further, we see no reason this principle should not apply equally to reliance on a forensic interview conducted for purposes of an investigation or for medical treatment. *See Eubanks v. State,* 326 S.W.3d 231, 246–49 (Tex.App.— Houston [1st Dist.] 2010, pet. ref'd) (holding probable cause existed to search defendant's home for evidence of sexual conduct with children and considering, inter alia, portion of officer's affidavit reciting children's revelations to interviewer at child advocacy center).

Detective Cardenas did not specifically state how she obtained her information regarding the mother's statements to the other two officers or the information revealed by complainant in the forensic interview. However, the issue is not whether there were other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that were included, not those that were omitted. *See Rodriguez,* 232 S.W.3d at 61. "[T]he informed and deliberate determinations of magistrates empowered to issue warrants are to be preferred over the hurried action of officers who may happen to make arrests." *McLain,* 337 S.W.3d at 274. Detective Cardenas recited the facts based on her "personal investigation." Logically, the magistrate could infer that the source of the detective's information regarding the mother's statements to the other officers would be conversations with those officers or a review of their report; and the source of the information revealed during the forensic interview would be an oral or written report by the interviewer if Detective Cardenas did not personally observe the interview or a recording. Accordingly, we conclude the affidavit provided a substantial basis for the magistrate to believe

appellant sexually abused complainant although Detective Cardenas did not expressly state how she obtained all of her information.

▮ Next, appellant argues the affidavit was conclusory because Detective Cardenas outlined statutory methods by which appellant allegedly committed aggravated sexual assault and indecency by contact without supporting facts. Near the end of the affidavit, Detective Cardenas set forth her belief that appellant committed continuous sexual abuse of complainant through various methods of aggravated sexual assault and indecency by contact. Detective Cardenas included aggravated sexual assault by digital penetration of complainant's sexual organ and indecency by causing complainant's hand to contact appellant's genitals. However, as appellant correctly asserts, Detective Cardenas did not describe any facts showing such conduct occurred.

▮ Even if those recitations are stricken, the affidavit was not conclusory and still established probable cause. Invalid portions of an affidavit should be excised, and the remaining content examined for probable cause. *See Spencer v. State*, 672 S.W.2d 451, 454 (Tex.Crim.App. 1984). We do not give our usual deference to the magistrate when conducting such an examination because its judgment "would have been based on facts that are no longer on the table," and there is "no way of telling the extent to which the excised portion influenced" its determination. *State v. Le*, 463 S.W.3d 872, 877 (Tex.Crim. App.2015) (quoting *United States v. Kelley*, 482 F.3d 1047, 1051 (9th Cir.2007)). When part of an affidavit must be excluded, we determine whether " 'the independently acquired and lawful information

stated in the affidavit nevertheless clearly established probable cause.' " *Id.* (quoting *McClintock v. State*, 444 S.W.3d 15, 19 (Tex.Crim.App.2014)).

Excising Detective Cardenas's conclusions regarding statutory offenses with no factual support, she still described facts alleging that appellant committed two or more other acts constituting aggravated sexual assault of complainant during a period of thirty days or more, as sufficient to establish continuous sexual abuse. *See* Tex. Penal Code Ann. § 21.02(b), (c)(4). In particular, over a period of several years, appellant penetrated complainant vaginally with his penis, forced complainant to perform oral sex on him, and performed oral sex on her. *See id.* § 22.021(a)(1)(B)(i-iii), 2(B) (defining certain acts as aggravated sexual assault if performed with child younger than fourteen).

In summary, because we reject appellant's arguments that the affidavit was conclusory, we overrule his third issue.[5]

### 4. Contention regarding evidence at place to be searched

▮ In his fourth issue, appellant contends the affidavit failed to establish probable cause that the evidence sought would be at the place to be searched. *See McLain*, 337 S.W.3d at 272. Appellant complains (1) Detective Cardenas failed to state appellant was an owner or resident of the place, and (2) the affidavit did not create a reasonable belief that evidence of the alleged offense would be found there.

We recognize Detective Cardenas did not expressly refer to the place to be searched as appellant's residence. Nonetheless, the magistrate could have reason-

**5.** Under this issue, appellant also argues the affidavit was conclusory because Detective Cardenas made misrepresentations regarding her training and experience. Because we rejected that contention under the previous issue, we also reject it under the present issue.

ably inferred from the following averments that appellant resided there and would likely possess evidence of the offense at the location: (1) the place is a home and "is in the charge, controlled by, or used by" appellant; (2) the mother reported appellant owned a personal vehicle and a work van (for which Detective Cardenas recited descriptions, registration numbers, and VIN numbers); (3) the personal vehicle was registered to the address to be searched; (4) Detective Cardenas observed both vehicles parked at the address three days before she executed the affidavit, supporting an inference that appellant was not merely visiting; and (5) Detective Cardenas opined that a pedophile's collection of child pornography will "more than likely" be located in his home, for privacy when viewed for sexual arousal.

Appellant emphasizes that (1) Detective Cardenas failed to articulate how she learned the personal vehicle was registered to the address to be searched, (2) there was no allegation any witness saw contraband at that address, and (3) the affidavit alleged the sexual activity occurred at a different place. However, the magistrate could have reasonably inferred (1) the registration information was available to the detective as a police officer, (2) because of appellant's privacy concerns, no witness would have necessarily seen the contraband, and (3) appellant's home—not the place where the abuse occurred— would be the place where he retained such materials for his personal use.

Appellant also relies on *Cassias v. State*, in which the court held that an officer's affidavit failed to establish probable cause that the defendant possessed drugs at the location to be searched when the allegations were essentially limited to the follow-

ing: (1) an informant notified the officer that he had seen the defendant in possession of drugs; and (2) drug activity occurred at the location to be searched, without identifying the defendant as involved. *See* 719 S.W.2d 585, 586–90 (Tex.Crim. App.1986) (op. on reh'g). In the present case, there was much more information in the affidavit demonstrating evidence of appellant's sexual activity with complainant would probably be found at the location to be searched. Accordingly, we overrule appellant's fourth issue.

### 5. Seizure of a laptop

In his fifth issue, appellant argues the affidavit failed to establish probable cause to seize a laptop computer [6] because it was mere suspicion on the part of Detective Cardenas that such device would contain evidence of the alleged offense.

We conclude the affidavit provided a substantial basis to believe such evidence would probably be contained on a laptop computer at the place to be searched: (1) Detective Cardenas alleged appellant photographed complainant naked and some of their sexual activities; (2) Detective Cardenas opined that a pedophile uses computers to collect such photographs and child pornography in general and share the materials with others having similar proclivities; (3) she opined such person would likely view the materials at home; (4) both complainant and her mother reported that appellant owned a laptop; and (5) the mother added that appellant would not allow anyone else to use the laptop and took it everywhere. *See Checo v. State*, 402 S.W.3d 440, 448–50 (Tex.App.—Houston [14th Dist.] 2013, pet. ref'd) (upholding warrant authorizing search of defendant's home, truck, and laptop for child pornogra-

---

6. Appellant also refers to a hard drive, but we presume he means the hard drive associated with the particular laptop at issue, so our discussion regarding the laptop includes the hard drive.

phy, although no allegation in probable-cause affidavit that he photographed child whom he kidnapped, showed pornography, and attempted to sexually assault; affiant officer explained, based on his training and experience and conversations with more experienced officers, that pedophiles typically possess child pornography and share with others via internet and officer believed appellant would possess such materials on his computer).

Appellant suggests Detective Cardenas's opinions regarding general characteristics of pedophiles were insufficient because she did not specify that anyone had seen contraband on appellant's laptop.[7] However, it is a reasonable inference that no one would have seen such items based on Detective Cardenas's opinion, and the mother's assertion, that appellant would be guarded about his laptop.

Appellant also relies on *Taylor v. State*, in which the court held that an officer's affidavit was insufficient to establish probable cause to search the defendant's home for child pornography. 54 S.W.3d 21, 27 (Tex.App.—Amarillo 2001, no pet.). The affiant alleged that another officer entered a chatroom used for discussing sexual activities with children and received by email one image containing child pornography from a screen name that "comes back" to the defendant per an online account profile. *Id.* at 22–23. The affiant set forth in general his belief that child pornography would be found at the defendant's residence and his opinions regarding the propensities of those engaged in collecting or trafficking child pornography. *Id.* The court recited numerous deficiencies that, in summary, failed to show (1) the defendant was the person using the screen name at

the time of the transmission, (2) he owned any computers at the address to be searched, (3) the transmissions were sent from a computer at that address, or (4) transmitting a singular photo would qualify him as a pedophile or a person engaged in trafficking child pornography. *See id.* at 24–27.

In contrast, the present case did not involve merely an unverified presence in a chatroom and one possible on-line transmission of pornography; instead, the affidavit contained sufficient information alleging that appellant actually committed sexual abuse of a child and likely possessed at the place to be searched a laptop containing evidence of the offense. *See Eubanks*, 326 S.W.3d at 246–49 (upholding finding of probable cause to seize computers from defendant's home where officer's affidavit included children's allegations that appellant molested them and photographed them naked and officer's opinion that defendant would likely possess such photos on computers at his home, although officer did not expressly state defendant owned a computer or transferred the photos to a computer). Therefore, we overrule appellant's fifth issue.

### 6. Staleness argument ·

In his sixth issue, appellant contends the warrant was invalid because the facts contained in the affidavit had become stale when the warrant was issued.

To justify a magistrate's finding that an affidavit established probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when the warrant is issued. *Ex Parte Jones*, 473 S.W.3d 850, 856 (Tex. App.—Houston [14th Dist.] 2015, pet.

---

7. Again, much of appellant's argument under this issue focuses on contentions we have rejected relative to other issues, including that the affidavit was conclusory, Detective Carde-nas misrepresented her training and experience, and the affidavit did not indicate the evidence would be found at the location to be searched.

ref'd); *State v. Dugas*, 296 S.W.3d 112, 116 (Tex.App.—Houston [14th Dist.] 2009, pet. ref'd). Probable cause ceases to exist when, at the time the warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Jones*, 473 S.W.3d at 856; *Dugas*, 296 S.W.3d at 116. However, the amount of delay that will make information stale for search-warrant purposes depends on the particular facts of the case, including the nature of the criminal activity and the type of evidence sought. *Lockett v. State*, 879 S.W.2d 184, 189 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). "Mechanical count of days is of little assistance in this determination" but rather common sense and reasonableness must prevail, with considerable deference given to the magistrate based on the facts before him, absent arbitrariness. *Id.* (quoting *Ellis v. State*, 722 S.W.2d 192, 196–97 (Tex.App.—Dallas 1986, no pet.)). Further, when the affidavit properly recites facts indicating activity of a protracted and continuous nature—a course of conduct—the passage of time becomes less significant. *Jones*, 473 S.W.3d at 856; *Lockett*, 879 S.W.2d at 189. The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of events set out in the affidavit and the time the search warrant is issued. *Jones*, 473 S.W.3d at 856; *Dugas*, 296 S.W.3d at 116.

Here, the warrant was issued on July 23, 2012—the same day that Detective Cardenas executed her affidavit. We recognize the last described instance of sexual abuse occurred almost a year and a half earlier because complainant did not make outcry until ten days before the warrant was issued. Nonetheless, based on the nature of the offense, including the protracted course of conduct, the magistrate properly determined the facts were not stale. The offense alleged in the affidavit, by definition, occurs over time, *see* Tex. Penal Code Ann. § 21.02(b), and the affidavit set forth a course of sexual abuse over a period exceeding three years. Importantly, Detective Cardenas opined that pedophiles retain evidence of the offense indefinitely and treat the materials as "prized possessions." Thus, the affidavit supports a determination that appellant would still possess evidence of the sexual abuse despite the length of time since the last instance. *See Jones*, 473 S.W.3d at 856–57 (holding facts in affidavit had not become stale because magistrate could conclude defendant still possessed child pornography although his last purchase of membership in child-pornography website occurred over two years before; he made purchases on four occasions over time, and officer averred that persons who have sexual interest in children rarely dispose of sexually-explicit materials); *McKissick v. State*, 209 S.W.3d 205, 214–15 (Tex.App.—Houston [1st Dist.] 2006, pet ref'd) (holding facts alleging defendant possessed child pornography were not stale because conduct was of a continual nature and officer averred such images tend to be preserved on personal computers over protracted period).

Appellant's sole argument regarding the staleness issue is that Detective Cardenas mentioned only three occasions on which appellant photographed his sexual activities with complainant. We note that the affidavit did not limit appellant's illicit photography to three occasions. Rather, Detective Cardenas alleged, separate from complainant's statements regarding appellant photographing their sexual activities, that there was a point that appellant "began" photographing complainant naked, indicating such actions were ongoing. Regardless, the magistrate could have properly characterized three instances of pho-

tographing the sexual activities as a course of conduct. *See Jones*, 473 S.W.3d at 856–57.

Additionally, although photographs of that nature were obtained from the search, the warrant was not so narrow. Instead, the affidavit alleged that appellant sexually abused complainant irrespective of whether he photographed the activities. The warrant authorized a search for a variety of evidence of the offense, including correspondence, diaries, and child pornography in general. Therefore, the allegations regarding the sexual activities in general over a protracted period supported that the facts were not stale. We overrule appellant's sixth issue.

### 7. Contention that warrant was general and overbroad

 Finally, appellant argues the warrant was invalid because it was too general and overbroad and permitted a "rummage" through his belongings. The United States and Texas constitutions prohibit general warrants which fail to particularly describe the property to be seized and allow "general, exploratory rummaging in a person's belongings." *Walthall v. State*, 594 S.W.2d 74, 78 (Tex.Crim.App.1980) (quoting *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976)). Appellant presents two separate complaints regarding certain items encompassed in the warrant.

 First, appellant challenges the authorization to seize the items that he summarizes as follows: "telephone books, address books, diaries or other writings tending to identify other child victims, viewing and recording equipment, data pertaining to people under the age of 18 engaged in sexual acts, online contacts or correspondence with subjects under 18, devices used for sexual stimulation, web cameras, cell phones, computer online and internet access service bills or other records, and controlled substances." Although appellant complains the warrant was too general, this challenged portion listed specific items to be searched rather than simply permitting a general rummage for evidence. *Cf. id.* at 78–79 (holding portion of warrant was unconstitutionally general which authorized search for "all items of personal property commonly used in the commission of a criminal offense" and "all implements or instruments used in the commission of a crime"). The crux of appellant's contention is more that the affidavit provided no probable cause to seize the items or to suggest there were other child victims.

Except for one category of items, appellant failed to preserve this complaint for appellate review. *See* Tex. R. App. P 33.1(a) (providing that to preserve error for appellate review, the complaining party must make a timely, specific objection, and obtain a ruling). In the motion to suppress, appellant asserted the warrant was overbroad with respect to cellular phones but did not mention any other items. Accordingly, we will address his complaint only with respect to cellular phones. *See Checo*, 402 S.W.3d at 447 (holding defendant failed to preserve error on complaint that certain categories of items listed in search warrant were too general because he objected in trial court only to inclusion of one such category).

 As appellant asserted in the motion, the affidavit referenced only a Verizon Droid when stating a cellular phone was used to photograph complainant; but the warrant authorized seizure of all cellular phones, and the police seized a Blackberry, two T-Mobile phones, and an I-Pod Touch. We conclude that other portions of the affidavit were sufficient to support seizure of all cellular phones. Detective Cardenas opined that pedophiles often col-

lect photos of sexual activities with children and other child pornography on electronic media and share those materials with others via the internet. Although Detective Cardenas primarily referenced computers, she also mentioned electronic media in general. She described a specific instance in which appellant used Yahoo Instant Messenger to send complainant a photograph of his penis. Detective Cardenas did not describe the device on which this photo was sent and thus did not limit transmission to the Verizon Droid. Additionally, she requested the warrant to encompass all cellular phones. Under the totality of the circumstances, the magistrate could have reasonably inferred that appellant might have stored illicit photographs, or transmitted such photos to complainant or others, using any cellular phones he owned.

Second, appellant complains about the portion of the warrant authorizing seizure of the following: "Computers and any computer programs, software and equipment, including but not limited to storage devices such as diskettes, compact discs and digital video discs, hard drives and thumb drives, flash drives, memory sticks, Ipod's, MP3 players, Video IPods and any other devices that can be used to store or transport any type of computer media, and any means in which to power up, access, view or otherwise make use of those forms of electronic media." Again, this list was not too general because it outlined specific items to be seized, Instead, we construe appellant's complaint as suggesting there was no probable cause to seize such items because no factual allegations tied the alleged sexual activity or photos to the address to be searched. This complaint is essentially a reiteration of appellant's fourth and fifth issues. Because we concluded the affidavit sufficiently established that evidence of the offense, including photos, would likely be located on computers or other electronic equipment at the address to be search, we also reject the present contention. Accordingly, we overrule appellant's seventh issue.

Having overruled all of appellant's issue, we hold the trial court did not err by denying the motion to suppress. We affirm the trial court's judgment.