**Dissenting Opinion from Denial of En Banc Reconsideration filed February 11, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00009-CR

---

### ROBERTO GRIEGO JIMENEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1546794**

---

## DISSENTING OPINION FROM DENIAL OF EN BANC RECONSIDERATION

I respectfully dissent from this court's denial of reconsideration en banc because:

1. the informant at issue:

    (a) was a first-time informant;

    (b) had secured a non-prosecution deal; and

(c) had a material and relevant criminal history (including (i) a conviction for fraudulent use/possession of identification that was less than 10 years old;[1] (ii) a conviction for possession of controlled substances; and (iii) two convictions for crimes of moral turpitude);

2. the officer's affidavit omitted the foregoing facts about the informant;

3. said omissions are functionally treated as material misstatements under this court's precedents; and

4. the panel majority threatens the uniformity of this court's decisions with respect to (a) the fundamental constitutional right to remain free from unreasonable searches and (b) our analyses under *Franks*.

*See generally* Tex. R. App. P. 41.2(c).

The officer who signed the search warrant affidavit failed to inform the magistrate judge that he was using a first-time informant with a relevant criminal history and a non-prosecution deal. These omissions are to be treated the same as material misstatements for purposes of our *Franks* analysis. *Islas v. State*, 562 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd); *see also Melton v. State*, 750 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1988, no pet.) ("Such omissions are treated essentially the same as claims of material misstatements.") (citing *Brooks v. State*, 642 S.W.2d 791, 796-97 (Tex. Crim. App. [Panel Op.] 1982); *United States v. Martin*, 615 F.2d 318, 328 (5th Cir. 1980); and *United States v. Park*, 531 F.2d 754, 758-59 (5th Cir. 1976)). The omissions at issue were material to the officer's presentment of probable cause; therefore, the warrant was invalid. *Compare Islas*, 562 S.W.3d at 196-97 (citing *Aguirre v. State*, 490 S.W.3d 102, 109 (Tex. App.—Houston [14th Dist.] 2016, no pet.)) *with*

---

[1] No known Texas court has addressed whether this particular crime is one of moral turpitude. *But see In re G.M.P.*, 909 S.W.2d 198, 208 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("Crimes involving moral turpitude are those that involve dishonesty, *fraud*, deceit, misrepresentation, or deliberate violence.") (emphases added and removed) (citing *Duncan v. Bd. of Disciplinary Appeals*, 898 S.W.2d 759, 761 (Tex. 1995)).

*Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) ("[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.").

It should not take binding precedent to convince the majority of this en banc court that the officer's omissions herein were unavoidably material. *See State v. Duarte*, 389 S.W.3d 349, 355-56 (Tex. Crim. App. 2012) ("[T]he *weight* given to the informant's hope for lenient treatment on his own pending charges in return for his 'tip' *is inappropriate* as that is the very characteristic that sets the citizen-informer apart from the informant 'from the criminal milieu.'") (emphases added); *see also id.* at 356 ("The citizen-informer is presumed to speak with the voice of honesty and accuracy. The criminal snitch who is making a *quid pro quo* trade does not enjoy any such presumption; his motive is entirely self-serving."); *id.* at 358 ("[T]ips from anonymous or first-time confidential informants of unknown reliability *must* be coupled with facts from which an inference may be drawn that the informant is credible or that his information is reliable.") (emphasis added). *Cf. Coolidge v. New Hampshire*, 403 U.S. 443, 450 (1971) ("Without disrespect to the state law enforcement agent here involved, the whole point of the basic rule so well expressed by Mr. Justice Jackson is that prosecutors and policemen simply cannot be asked to maintain the requisite neutrality with regard to their own

3

investigations—the 'competitive enterprise' that must rightly engage their single-minded attention."). But for the officer's material omissions, the magistrate judge would have known his duty as a front-line guardian of Fourth Amendment protections required additional analyses the officer's material omissions precluded him from conducting. While the subtleties and contours of such analyses assuredly depend upon case-specific facts, no known authority suggests officers are authorized to short-circuit mandatory and impartial analyses concerning reasonableness under the Fourth Amendment via material omissions in search warrant affidavits. This en banc court's refusal to rectify the panel majority's error contravenes controlling authority and effectively authorizes material omissions in search warrant affidavits, even when the information comes from a first-time informant with a non-prosecution deal and undisclosed relevant convictions. Our Constitution guarantees more.

Based on the foregoing constitutional considerations, binding authorities, and this court's own decisions, I respectfully dissent from the denial of reconsideration en banc because the panel majority threatens the uniformity of said decisions while creating the extraordinary circumstance of an intermediate court of appeals refusing to conduct basic Fourth Amendment analyses under binding precedents.

/s/     Meagan Hassan
Justice

En Banc Panel consists of Chief Justice Christopher and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, Poissant, and Wilson. (Hassan, J., dissenting, joined by Justices Bourliot and Spain).

Publish — Tex. R. App. P. 47.2(b).