**Affirmed and Opinion filed August 18, 2015.**



In The

# Fourteenth Court of Appeals

———————————————

NO. 14-14-00488-CR
NO. 14-14-00489-CR
NO. 14-14-00490-CR

———————————————

## EX PARTE KERRY G. JONES

**On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause Nos. 1283328-A, 1283329-A & 1283330-A**

## O P I N I O N

Appellant Kerry G. Jones appeals the denial of his post-conviction application for writ of habeas corpus, arguing that he was denied effective assistance of counsel on the grounds that his trial counsel failed to file a motion to suppress. We affirm.

## BACKGROUND

In April 2006, the child exploitation section of the United States Immigration and Customs Enforcement Agency (ICE) initiated an investigation into a criminal organization operating a commercial child pornography website known as "The Home Collection." The investigation lasted three years and subscribers to the website were identified through purchaser transactions obtained from bank account records. The bank records revealed that a person using a PayPal account registered to appellant purchased subscriptions to the website. Using the bank records, the police were able to obtain appellant's name and physical address.

On February 19, 2009, the police executed a search warrant to seize three computers and two hard drives from appellant's home. A forensic analysis of the computers and hard drives disclosed over 433 digital images of child pornography on appellant's computer.

Appellant was indicted for three counts of the third degree felony offense of possession of child pornography. Appellant pleaded guilty to all three counts. The trial court deferred an adjudication of appellant's guilt and placed him on community supervision for five years.

On July 9, 2012, appellant filed an application for post-conviction writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure. He alleged that he was denied his claim of ineffective assistance of counsel, among several other claims. The trial court conducted a hearing and entered an order denying relief.

## STANDARD OF REVIEW

We review a trial court's determination on an application for writ of habeas corpus for abuse of discretion. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—

2

Houston [14th Dist.] 2012, no pet.). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Id*. The trial court is the sole finder of fact in a habeas proceeding. *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010). In reviewing the trial court's decision to grant or deny relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Fassi*, 388 S.W.3d at 886. We afford almost total deference to the trial court's findings, especially when those findings are based on an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We will uphold the trial court's judgment as long as it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

## ANALYSIS OF APPELLANT'S ISSUE

Appellant contends that the trial court erred by denying him relief on his claim of ineffective assistance of counsel because his trial counsel failed to file a motion to suppress the child pornography seized from the computers and hard drives at his apartment. Appellant argues that his trial counsel should have filed a motion to suppress because (1) the information set forth in the search warrant affidavit was obtained from PayPal without a warrant; and (2) the search warrant affidavit failed to set forth sufficient facts to establish probable cause.

To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test by a preponderance of the evidence showing that: (1) his attorney's performance was deficient; and (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). Under the first prong, appellant must show that counsel's performance was deficient to

the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Under the second prong, appellant must establish that counsel's deficient performance prejudiced the defense. *Id*. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*.

A trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel. *Wert v. State*, 383 S.W.3d 747, 753 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Kimmelman v. Morrison*, 447 U.S. 365, 384 (1986)). Counsel is not required to engage in the filing of futile motions. *Id*. (citing *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991)). To prevail on an ineffective assistance claim based on counsel's failure to file a motion to suppress, appellant must show by a preponderance of the evidence that the result of the proceeding would have been different—i.e., that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding that appellant is required to prove motion to suppress would have been granted to prove ineffective assistance of counsel).

### *No Expectation of Privacy in Subscription Information*

Appellant first complains that a motion to suppress should have been filed because the information contained in the search warrant affidavit was obtained without a warrant. Appellant argues that a warrant was required to obtain his subscription information from PayPal.

The purpose of the Fourth Amendment is to safeguard an individual's legitimate expectation of privacy from unreasonable government intrusions. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). A defendant has

4

standing to challenge the admission of evidence obtained by an intrusion by the government only if he had a legitimate expectation of privacy in the place invaded. *Id*. The accused, as the party asserting the privacy expectation, has the burden of proving facts to establish that such an expectation exists. *Id*. To establish a constitutionally protected privacy interest in a possession, an accused must show that (1) he had an actual, subjective expectation of privacy in the invaded possession, and (2) his expectation of privacy was one that society accepts as objectively reasonable. *Id*.; *see Smith v. Maryland*, 442 U.S. 735, 740 (1979).

Here, ICE agents obtained appellant's subscription information from PayPal, which allowed them to discover appellant's name and address. Appellant did not have a reasonable expectation of privacy in this information. *See United States v. Perrine*, 518 F.3d 1196, 1204 (10th Cir. 2008) ("Every federal court to address this issue has held that subscriber information provided to an internet provider is not protected by the Fourth Amendment's privacy expectation."); *see also United States v. Hambrick*, 225 F.3d 656 (4th Cir. 2000) (per curiam) (unpublished), *affirming United States v. Hambrick*, 55 F. Supp. 2d 504, 508−09 (W.D. Va. 1999) (holding that there was no legitimate expectation of privacy in noncontent customer information provided to an internet service provider by one of its customers); *Russo v. State*, 228 S.W.3d 779, 802 (Tex. App.—Austin 2007, pet. ref'd) (stating that there is no Fourth Amendment protection against the disclosure of subscriber information by internet service providers). This is because "[i]ndividuals generally lose a reasonable expectation of privacy in their information once they reveal it to third parties." *Guest v. Leis*, 255 F.3d 325, 335 (6th Cir. 2001); *see also Barfield v. State*, 416 S.W.3d 743, 748−49 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding that defendant does not have a reasonable expectation of privacy in cell-site location data because defendant

voluntarily conveys information to third-party provider). "What a person knowingly exposes to the public . . . is not a subject of Fourth Amendment protection." *Katz v. United States*, 389 U.S. 347, 351 (1967). Accordingly, the Supreme Court has consistently held that a "person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith*, 442 U.S. at 743−44.

Because appellant did not have a reasonable expectation of privacy in his subscription information, ICE agents were not required to secure a warrant in order to obtain it. Appellant has failed to show that a motion to suppress would have been granted on this ground. *See Jackson*, 973 S.W.2d at 957.

### *Search Warrant Affidavit*

Appellant also asserts that a motion to suppress should have been filed because the search warrant affidavit failed to set forth sufficient facts which could establish probable cause for possession of child pornography. Specifically, appellant contends that (1) his subscriptions to the websites did not establish probable cause for possession of child pornography, and (2) the information in the search warrant affidavit was stale.

When reviewing the magistrate's decision to issue a warrant, the court applies a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). A court does not analyze the affidavit in a hyper-technical manner. *Rodriguez v. State*, 232 S.W.3d 55, 59 (Tex. Crim. App. 2007). Instead, it interprets the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. *Id*. at 61. When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id*. If the magistrate had a

6

substantial basis for concluding that probable cause existed, a court will uphold the magistrate's probable cause determination. *McLain*, 337 S.W.3d at 271.

A search warrant must be accompanied by a sworn affidavit that sets forth substantial facts establishing probable cause. *See* Tex. Code Crim. Proc. art. 18.01(b). In addition, the affidavit must set forth sufficient facts to establish probable cause, showing that (1) a specific offense has been committed; (2) the specifically described item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense; and (3) the item is located at or on the person, place, or thing to be searched. Tex. Code Crim. Proc. art. 18.01(c). An affidavit supporting a search warrant is sufficient if, from the totality of the circumstances reflected in the affidavit, the magistrate was provided with a substantial basis for concluding that probable cause existed. *See State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). We look at the four corners of the affidavit in determining whether there is probable cause to search the identified locations. *Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996).

Appellant contends that the mere fact that he made four one-month purchases for child pornography websites fails to establish probable cause that he committed the offense of possession of child pornography. The affidavit alleged that a child pornography website known as "Home Collection" offered individuals monthly access to websites that provided images of child pornography for a specific fee. The affidavit provided that an individual using the email address of kgj01@hotmail.com purchased several one-month memberships to "Lust Collections," "Hot Girl Photos," "Real Lola Issue #2," and "Plazmas Girls." The memberships were $79.95 each, payable, via PayPal, to email addresses determined to be associated with a criminal organization that facilitated the processing of membership payments to commercial child pornography websites.

The affidavit further stated that PayPal provided the ICE agents with buyer contact information, which identified kgj01@hotmail.com as appellant. Considering the totality of the circumstances, the magistrate could have reasonably inferred from the facts set forth in the affidavit that appellant possessed child pornography. The magistrate could have reasonably concluded a probability existed that child pornography would be found at appellant's residence. *See State v. Cotter*, 360 S.W.3d 647, 653 (Tex. App.—Amarillo 2012, no pet.)

Appellant also argues that the information in the affidavit is stale because the affidavit was made two years after he purchased the subscriptions to the websites. To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when a magistrate issues the search warrant. *State v. Dugas*, 296 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). Probable cause ceases to exist when, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Id*. However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant. *Jones v. State*, 364 S.W.3d 854, 861 (Tex. Crim. App. 2012). The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant is issued. *Dugas*, 296 S.W.3d at 116.

The challenged affidavit was created on February 19, 2009. The affiant stated that she received the case as a result of a joint investigation into a criminal organization operating over eighteen commercial child pornography websites. The organization utilized PayPal accounts to process payments made by individuals

purchasing memberships to the child pornography websites. The affiant stated that records indicated that a PayPal account registered to appellant purchased four one-month memberships to the websites. The purchases were made on October 12, 2006, November 1, 2006, January 21, 2007, and January 25, 2007.

The magistrate could have reasonably concluded that the pornographic images were still on appellant's computer at his apartment at the time the warrant was issued. Federal courts have repeatedly recognized that in child pornography cases, collectors of child pornography tend to retain this material. *See United States v. Cox*, 190 F. Supp. 2d 330, 333 (N.D. N.Y. 2002); *see also United States v. Ricciardelli*, 998 F.2d 8, 12 n.4 (1st Cir. 1993) (noting that "[h]istory teaches that collectors [of child pornography] prefer not to dispose of their dross, typically retaining obscene materials for years"). Here, the affiant stated that "[p]eople who have a sexual interest in children or minors rarely, if ever, dispose of their sexually explicit materials." *See Steele v. State*, 355 S.W.3d 746, 751 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (concluding that magistrate could have reasonably concluded defendant continued to be in possession of child pornography because affidavit proved "expert testimony that persons sexually attracted to children tend to collect sexually explicit photographs of children, treating the photographs as prized possessions, of which they rarely dispose"); *see also Morris v. State*, 62 S.W.3d 817, 823−24 (Tex. App.—Waco 2001, no pet.) (providing that where affidavit indicates activity of continuous nature, magistrate could have reasonably inferred that defendant had possession of pornography for substantial period of time, i.e., one-and-a-half years).

Thus, the affidavit contained sufficient information from which the magistrate had a substantial basis under the totality of the circumstances for concluding that probable cause existed that the computer and hard drives at

appellant's apartment contained child pornography. *See Sanders v. State*, 191 S.W.3d 272, 279−80 (Tex. App.—Waco 2006, pet. ref'd) (holding that information obtained two years before warrant executed was not stale); *Burke v. State*, 27 S.W.3d 651, 655 (Tex. App.—Waco 2000, pet. ref'd) (providing that information obtained one year before warrant executed was not stale).

We conclude that the facts and circumstances submitted to the magistrate within the "four corners" of the affidavit provide a substantial basis for the magistrate's conclusion that child pornography would probably be found at appellant's apartment at the time the warrant was issued. Thus, the affidavit was sufficient to establish probable cause. Because appellant cannot show that a motion to suppress alleging these grounds would have been granted, appellant has failed to show that he received ineffective assistance of counsel. *See Jackson*, 973 S.W.2d at 957. Accordingly, the trial court did not abuse its discretion by denying appellant's post-conviction writ of habeas corpus.

### CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment denying relief.


/s/     Ken Wise
         Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Publish — TEX. R. APP. P. 47.2(b).