PD-1214-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2017 3:19 PM
Accepted 12/22/2017 4:20 PM
DEANA WILLIAMSON
CLERK

NO. **PD-1214-17**

---

**IN THE TEXAS COURT OF CRIMINAL APPEALS**

FILED
COURT OF CRIMINAL APPEALS
12/22/2017
DEANA WILLIAMSON, CLERK

---

**KELLY MARIE OLDNER**
**Petitioner**

**v.**

**STATE OF TEXAS**
**Respondent**

---

**Case No. 10-16-00096-CR**
**from the Tenth Court of Appeals, Waco, Texas**

**Cause No. M201202002**
**from the Johnson County Court at Law Number One**
**Honorable Robert Mayfield, Presiding Judge**

---

**RESPONSE TO PETITION FOR DISCRETIONARY REVIEW BY**
**THE STATE OF TEXAS, RESPONDENT**

---

BILL MOORE
JOHNSON COUNTY ATTORNEY
Guinn Justice Center
204 South Buffalo Avenue
4th Floor, Suite 410
Cleburne, Texas 76033-5404
Telephone: 817.556.6330
Facsimile:  817.556.6331
efilecao@johnsoncountytx.org
State Bar No. 14321100

COLBY RIDEOUT
Assistant County Attorney
Guinn Justice Center
204 South Buffalo Avenue
4th Floor, Suite 410
Cleburne, Texas 76033-5404
Telephone: 817.556.6330
Facsimile:  817.556.6331
efilecao@johnsoncountytx.org
State Bar No. 24073106

**ORAL ARGUMENT NOT REQUESTED**

i

## IDENTITY OF PARTIES AND COUNSEL

Hon. Robert Mayfield .......................................................................Presiding Judge
County Court at Law No. One
Guinn Justice Center
204 South Buffalo Avenue
Cleburne, Texas 76033

Hon. Chief Justice Gray ................................................................Presiding Justices
Hon. Justice Davis
Hon. Justice Scoggins
Tenth Court of Appeals
McLennan County Courthouse
501 Washington Avenue, Room 415
Waco, Texas 76701-1373

Kelly Marie Oldner ...................................................................................Petitioner

Hon. William Mason...................................................... Trial Counsel for Petitioner
P.O. Box 767
Cleburne, Texas 76033
817.556.3223
wgmlaw@gmail.com

Hon. George B. Mackey  ....................................... Appellate Counsel for Petitioner
121 N. Rayner
Fort Worth, Texas 76111
817.336.1008
gmackey1@me.com

Hon. Bill Moore .......................................................Trial Counsel for Respondent
Hon. Stuart Madison
204 South Buffalo Avenue
4th Floor, Suite 410
Cleburne, Texas 76033-5404
817.556.6330
efilecao@johnsoncountytx.org

Hon. Bill Moore ................................................. Appellate Counsel for Respondent
Hon. Colby Rideout
204 South Buffalo Avenue
4th Floor, Suite 410
Cleburne, Texas 76033-5404
817.556.6330
efilecao@johnsoncountytx.org

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................. ii

Table of Contents ..................................................................................iv

Index of Authorities ...............................................................................vi

Statement of the Case................................................................................2

Statement of the Procedural History ..........................................................3

Response to Grounds for Review ...............................................................3

Arguments..............................................................................................4

    Preliminary Statement ....................................................................4

    Response to Ground One...................................................................6

**Petitioner, first, failed to preserve her false evidence complaint for appellate review. Second, Petitioner's false evidence complaint is without merit. She was not denied a fair trial and was not denied due process of law because Petitioner fails to establish by a preponderance of the evidence that the false testimony was material to the judgment. The Court of Appeals' decision to overrule Petitioner's claim was not a departure from the accepted and usual course of judicial proceedings, and this Court need not exercise its power of supervision.**

    Response to Ground Two ................................................................14

**Petitioner failed to meet her burden of proving her ineffective assistance claim under the *Strickland* test by a preponderance of the evidence. The Court of Appeals' decision to overrule Petitioner's claim that her trial counsel was ineffective was not a departure from the accepted and usual course of judicial proceedings, and this Court need not exercise its power of supervision.**

Conclusion .........................................................................................20

Prayer ...............................................................................................20

Certificate of Compliance ......................................................................22

Certificate of Service ..........................................................................22

# INDEX OF AUTHORITIES

**RULES**

Tex. Code Crim. Proc. art. 40.001 ..................................................................9

Tex. R. App. Proc. 21.3...................................................................................9

Tex. R. App. Proc. 21.4...................................................................................9

Tex. R. App. Proc. 33.1 ................................................... 4, 6, 8, 11, 12, 17

**CASES**

*Alvarado v. State*, No. 04-03-00289-CR, 2006 WL 332536 (Tex. App.—San Antonio 2006, pet. ref'd) ............................................................... 17

*Clayton v. State*, No. 10-06-00254, 2007 WL 2875021 (Tex. App.—Waco February 6, 2008, pet. ref'd) (mem. op., not designated for publication) ................................................................................. 8, 9, 11

*Ex parte De La Cruz*, 466 S.W.3d 855 (Tex. Crim. App. 2015) .............7, 10, 12, 14

*Ex parte Evans,* 410 S.W.3d 481 (Tex. App.—Fort Worth 2013, pet. ref'd) ................................................................... 4, 6, 8, 11, 12, 17

*Ex parte Ghahremani*, 332 S.W.3d 470 (Tex. Crim. App. 2011) ...........................7

*Ex parte Jimenez*, 364 S.W.3d 866 (Tex. Crim. App. 2012)................................. 15

*Ex parte Jones*, 473 S.W.3d 850 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ................................................................................6, 14

*Ex parte Oldner*, No. 10-16-00096-CR, 2017 WL 4542985 (Tex. App.—Waco Oct. 11, 2017) (mem. op., not designated for public opinion) ........................2

*Ex parte Tutton*, No. 10-14-00360-CR, 2015 WL 4384496 (Tex. App.—Waco July 9, 2015, pet. ref'd) (mem. op., not designated for publication) .................................................................................................4, 8, 12

*Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014) ...........................8, 14

*Haliburton v. State*, 80 S.W.3d 309 (Tex. App.—Fort Worth 2002, no pet) ......9, 11

*Jackson v. State*, 973 S.W.2d 954 (Tex. Crim. App. 1998) ...................................16

*King v. State*, 649 S.W.2d 42 (Tex. Crim. App. 1983) ..........................................17

*Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959) ...............7

*Oldner v. State*, No. 04-13-00458-CR, 2014 WL 3013135 (Tex. App.—San Antonio July 2, 2014, pet. ref'd) (mem. op., not designated for publication) ........................................................................................2

*Perez v. State*, 403 S.W.3d 246 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 310 S.W.3d 890 (Tex. Crim. App. 2010) ............................................16, 17, 18, 19

*Ramirez v. State*, 96 S.W.3d 386 (Tex. App.—Austin 2002, pet. ref'd) ...................7

*Robertson v. State*, 187 S.W.3d 475 (Tex. Crim. App. 2006) ................................16

*Rylander v. State*, 101 S.W.3d 107 (Tex. Crim. App. 2003) ..................15, 16, 18, 19

*State v. Romero*, 962 S.W.2d 143 (Tex. App.—Houston [1st Dist.] 1997, no pet.) ........................................................................................................4

*Strickland v. Washington*, 466 U.S. 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ...........................................................................................15, 17, 18, 19

*Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999) ...................................16

# NO. <u>PD-1214-17</u>

## IN THE TEXAS COURT OF CRIMINAL APPEALS

**KELLY MARIE OLDNER**
**Petitioner**

**v.**

**STATE OF TEXAS**
**Respondent**

**Case No. 10-16-00096-CR**
**from the Tenth Court of Appeals, Waco, Texas**

**Cause No. M201202002**
**from the Johnson County Court at Law Number One**
**Honorable Robert Mayfield, Presiding Judge**

## RESPONSE TO PETITION FOR DISCRETIONARY REVIEW BY THE STATE OF TEXAS, RESPONDENT

**TO THE HONORABLE COURT OF APPEALS:**

**COMES NOW,** Respondent, the State of Texas (hereinafter known as "the State") and respectfully submits this Response to Petition for Discretionary Review filed by Petitioner, KELLY MARIE OLDNER, in the above-styled and numbered cause.

1

References to the Reporter's Record from Petitioner's jury trial shall be denoted as "TRR," and references to the Clerk's Record shall be denoted as "TCR." References to the Reporter's Record from the hearing on the writ application will be denoted as "WRR," and references to the Clerk's Record on the Writ Application will be denoted as "WCR." References to the Supplemental Reporter's Record will be denoted as "SRR."

## STATEMENT OF THE CASE

A jury convicted Petitioner of a Class B misdemeanor theft. TCR I: 41-44. The jury assessed punishment at 90 days jail, probated for one year, with the condition that she serve 72 hours in jail and other terms and conditions of probation. TCR I: 45. The Fourth Court of Appeals affirmed Petitioner's conviction on July 2, 2014. *See Oldner v. State*, No. 04-13-00458-CR, 2014 WL 3013135 (Tex. App.—San Antonio July 2, 2014, pet. ref'd) (mem. op., not designated for publication). Her petition for discretionary review was refused on November 5, 2014. *Id*. Petitioner filed her Application for Writ of Habeas Corpus on or about January 20, 2016. WCR I: 4-10 (Application). On March 11, 2016, the trial court conducted a hearing on the application and denied her writ. WRR II: 1-13. The Tenth Court of Appeals affirmed the trial court's order. *See Ex parte Oldner*, No. 10-16-00096-CR, 2017 WL 4542985 (Tex. App.—Waco Oct. 11, 2017) (mem.

2

op., not designated for publication). Petitioner now seeks discretionary review from this Court.

## STATEMENT OF THE PROCEDURAL HISTORY

**Nature of the Case:**    Petitioner Kelly Marie Oldner was charged on December 3, 2012, by information, for a Class B misdemeanor Theft. A jury convicted Petitioner Kelly Marie Oldner of the same and assessed punishment on or about May 8, 2013. On July 2, 2014, the Fourth Court of Appeals affirmed Petitioner's conviction, and on November 5, 2014, the Petition for Discretionary Review was refused. Petitioner filed an Application for Writ of Habeas Corpus on or about January 20, 2016. Following a hearing on or about March 11, 2016, the trial court denied her writ. Petitioner appealed the trial court's denial of her writ.

**Trial Court Judge:**    Honorable Robert Mayfield.

**Trial Court:**    County Court at Law Number One, Johnson County.

**Disposition:**    The Tenth Court of Appeals affirmed the lower court's denial of Petitioner's writ and issued a memorandum opinion on or about October 11, 2017.

**Parties:**    Kelly Marie Oldner as Petitioner and the State of Texas as Respondent.

**Court of Appeals:**    Tenth Court of Appeals in Waco, Texas.

**Justices:**    Honorable Chief Justice Gray, Honorable Justice Davis, and Honorable Justice Scoggins. Memorandum Opinion by Honorable Justice Davis.

## RESPONSE TO GROUNDS FOR REVIEW

**RESPONSE TO GROUND ONE:** Petitioner, first, failed to preserve her false evidence complaint for appellate review. Second, Petitioner's false evidence complaint is without merit. She was not denied a fair trial and was not denied due process of law because Petitioner fails to establish by a preponderance of the evidence that the false testimony was material to the judgment. The Court of Appeals' decision to overrule Petitioner's claim was not a departure from the accepted and usual course of judicial proceedings, and this Court need not exercise its power of supervision.

3

**RESPONSE TO GROUND TWO:** Petitioner failed to meet her burden of proving her ineffective assistance claim under the *Strickland* test by a preponderance of the evidence. The Court of Appeals' decision to overrule Petitioner's claim that her trial counsel was ineffective was not a departure from the accepted and usual course of judicial proceedings, and this Court need not exercise its power of supervision.

## ARGUMENTS

## PRELIMINARY STATEMENT

A complainant may not raise new issues on appeal that she did not bring before the trial court in her writ application. TEX. R. APP. P. 33.1; *Ex parte Evans,* 410 S.W.3d 481, 485 (Tex. App.—Fort Worth 2013, pet. ref'd) (citing *State v. Romero*, 962 S.W.2d 143, 144 (Tex. App.—Houston [1st Dist.] 1997, no pet.)) (declining to consider grounds not pled in the writ of habeas corpus, even when the complaints were mentioned in passing during the writ hearing); *see also, e.g., Ex parte Tutton*, No. 10-14-00360-CR, 2015 WL 4384496 at *3 (Tex. App.—Waco July 9, 2015, pet. ref'd) (mem. op., not designated for publication).

Petitioner's Application for Writ of Habeas Corpus (which is the subject of this appeal) alleged that her trial counsel provided ineffective assistance in the following six ways:

1.      Failing to object to the manner in which the law of parties was applied in the court's charge;

4

2.    Failing to call the other parties to her offense to testify in her defense;

3.    Failing to object to the way that the court's charge defined "appropriation;"

4.    Failing to object to the prosecutor's jury argument;

5.    Failing to object to the court's charge regarding the determination of the value of property; and

6.    Failing to object to the court's instruction on legal rights of possession in paragraph 3.

WCR I: 7-9. After conducting a hearing on the application the trial court denied Petitioner's request for relief. WCR I: 27. Petitioner appealed the trial court's denial of her application on two **new** grounds that were not pled in her application: (1) the prosecutor at her trial submitted false evidence; and (2) her trial counsel provided ineffective assistance by failing to investigate whether other parties to her offense had been arrested or charged.

Petitioner's complaints to the Tenth Court of Appeals were only mentioned in passing during her writ hearing, and none of them were pled in her Application. *See* WCR I: 7-9; WRR II: 1-13. Accordingly, the record is not sufficiently developed for this Court to judge the merits of Petitioner's claims, and the trial court has not had the necessary opportunity to review evidence or rule on the bases of these new complaints. Therefore, due to Petitioner's failure to present a cognizable claim, this Court should overrule Petitioner's complaints and affirm the

lower court's judgment. *See* TEX. R. APP. P. 33.1; *Ex parte Evans,* 410 S.W.3d at 485.

RESPONSE TO GROUND ONE

> Petitioner, first, failed to preserve her false evidence complaint for appellate review. Second, Petitioner's false evidence complaint is without merit. She was not denied a fair trial and was not denied due process of law because Petitioner fails to establish by a preponderance of the evidence that the false testimony was material to the judgment. The Court of Appeals' decision to overrule Petitioner's claim was not a departure from the accepted and usual course of judicial proceedings, and this Court need not exercise its power of supervision.

**A.    Standard of Review**

A trial court's denial of a writ of habeas corpus is reviewed for abuse of discretion. *Ex parte Jones*, 473 S.W.3d 850, 853 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). The applicant seeking post-conviction habeas relief bears the burden of establishing by a preponderance of the evidence that the facts entitle her to relief. *Id.* "The trial court is the sole finder of fact in a habeas proceeding." *Id.* When reviewing a trial court's denial of relief, the courts view the facts in the light most favorable to the trial court's ruling. *Id.* Appellate courts afford almost total deference to the trial court's findings, especially when those findings are based on the evaluation of demeanor and credibility. *Id.* A trial court's judgment is upheld if it is correct on any theory of law applicable to the case. *Id.*

## B.     Applicable Law

Convictions based on material false evidence violate a defendant's due-process rights regardless of whether its falsity is known to the State at the time of trial. *Ex parte De La Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015); *see also Ex parte Ghahremani*, 332 S.W.3d 470, 477 (Tex. Crim. App. 2011). "[T]he same result obtains when the prosecution, 'although not soliciting false evidence, allows it to go uncorrected when it appears.'" *Ramirez v. State*, 96 S.W.3d 386, 394 (Tex. App.—Austin 2002, pet. ref'd) (quoting *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959)). It is irrelevant whether the prosecutor actually knows that the evidence is false; it is enough that the prosecutor should have recognized the misleading nature of the evidence. *Ex parte Ghahremani*, 332 S.W.3d at 477. There is no requirement that false testimony rose to the level of criminal perjury because the rule is designed to ensure that the defendant is convicted and sentenced only on truthful testimony. *Id.*

In order to be entitled to relief on a false evidence claim, an applicant must show that (1) false evidence was presented at his trial, and (2) the false evidence was material to the jury's verdict of guilt. *Ex parte De La Cruz*, 466 S.W.3d at 866. An applicant must establish both falsity and materiality by a preponderance of the evidence. *Id*. In determining whether a particular piece of evidence has been demonstrated to be false, the Court asks whether the testimony, taken as a whole,

7

gives the jury a false impression. *Id.* Improper suggestions, insinuations, and insinuations of personal knowledge constitute false testimony. *Id.* False testimony is material if there is a *reasonable likelihood* that it affected the judgment of the jury. *See Ex parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). This standard requires the beneficiary of the error to prove beyond a reasonable doubt that the error did not contribute to the verdict obtained. *See Ex parte Ghahremani,* 332 S.W.3d at 478.

## C.    Application

### 1.    Petitioner Fails to Present a Cognizable Claim

Petitioner fails to bring a cognizable claim of false evidence before this Court because the factual basis for which she now seeks relief was not pled in her application. TEX. R. APP. P. 33.1; *Ex parte Evans,* 410 S.W.3d at 485; *see also, e.g., Ex parte Tutton*, No. 10-14-00360-CR, 2015 WL 4384496 at *3. Petitioner's claims of false evidence and prosecutorial misconduct were not pled in her writ application and were only mentioned in passing during her writ hearing. WCR I: 7-9; WRR II: 1-13. Accordingly, this Court should overrule Petitioner's first ground for failure to bring a cognizable claim.

Furthermore, allegations of false evidence must be preserved for appellate review by an objection. *See Clayton v. State*, No. 10-06-00254, 2007 WL 2875021 at *1 (Tex. App.—Waco February 6, 2008, pet. ref'd) (mem. op., not designated

8

for publication) (citing *Haliburton v.* State, 80 S.W.3d 309, 315 (Tex. App.—Fort Worth 2002, no pet)). Nothing in the record indicates that Petitioner presented an objection to the trial court on the basis of false evidence. *See Clayton*, No. 10-06-00254, 2007 WL 2875021 at *1 (citing *Haliburton, 80 S.W.3d at 315).* *If* the affidavits propounded by Petitioner are to be believed, they show that she was aware of the basis of her "false evidence" complaint on May 13, 2013; just four days after her conviction and well within the amount of time for her to make a motion for new trial based on the discovery of that evidence. *See* TEX. CODE CRIM. P. Art. 40.001; TEX. R. APP. P. 21.3; TEX. R. APP. P. 21.4; WRR III: Defendant's Exhibits 1 and 2. Instead, Petitioner did nothing, waiting nearly three years to raise this complaint, rather than presenting her objection in a timely manner while the trial court retained jurisdiction to hold a hearing on a motion for new trial. Petitioner should not be rewarded for her failure to present her objection in a timely manner when she was required to preserve her complaint. *See Clayton*, No. 10-06-00254, 2007 WL 2875021 at *1 (citing *Haliburton, 80 S.W.3d at 315).* Accordingly, this Court should overrule her objection to the evidence and sustain the order of the trial court.

## 2. Petitioner Fails to Establish the Falsity of the Evidence

Petitioner argues the evidence was falsely submitted by the State's witnesses; that is the witnesses testified that both of her co-conspirators had been arrested and

charged at the time of her trial. During none of the complained of portions of testimony did Zachary Hays or Jason Stone testify whether they knew if the other party had been arrested. *See* TRR III: 35-36, 40, 50-51. Accordingly, Petitioner's accusation of prosecutorial misconduct, which is based on her inaccurate reading of the trial record, is frivolous, without any basis in the record, and should be overruled outright.

More to the point, Petitioner's defense counsel clarified that when he said "charged," he meant where ". . . Target turns over their – their investigation to the police department." TRR III: 50-51. Jason Stone responded affirmatively. TRR III: 50-51. Therefore, the most that can be said is that the testimony raised a conflicting inference of what defense counsel meant by using the word "charged" because "charged" appears to be capable of meaning several different things, ranging from the Target store submitting its investigation to police for charges, to charges being formally brought by the police department or prosecutor's office. Conflicting testimony, without more, does not support a finding of falsity. *See Ex parte De La Cruz, 466 S.W.3d at 871*. In such cases the habeas court defers to the jury's determination of weight and credibility of the evidence. *Id.* at 870-71. Accordingly, it cannot be said that Petitioner has carried her burden of establishing falsity of the objected-to testimony by a preponderance of the evidence. *Ex parte De La Cruz, 466 S.W.3d at 866.*

The only other testimony regarding whether anyone else had been charged or arrested was offered by Officer Bauereisen in response to the prosecutor's question regarding the meaning of "out-of-custody." TRR III: 58-59. The prosecutor asked, "Ok. And to your knowledge were charges filed on those two persons out-of-custody." TRR III: 58. Bauereisen answered affirmatively. TRR III: 58. The prosecutor followed up with the question, "And by out-of-custody, would you -- I guess -- Let me ask you to tell the jury what out-of-custody means." TRR III: 58-59. Bauereisen responded,

> They were not on scene and I did not witness them to be on scene, they had already left, so we filed out-of-custody on them for later; meaning the detectives kind of took over the written report, they filed for an arrest warrant and presented the case and were able to get a warrant and they were later arrested at another time.

TRR III: 59.

Petitioner just now asserts that Officer Bauereisen's testimony was false, although she could have objected during trial, in a motion for new trial, in her writ application, and in her prior appeal. TEX. R. APP. P. 33.1; *Ex parte Evans,* 410 S.W.3d at 485; *Clayton*, No. 10-06-00254, 2007 WL 2875021 at *1 (citing *Haliburton*, 80 S.W.3d at 315). Had she objected timely, the context of the testimony raises the possibility that Bauereisen's testimony created a conflicting inference of whether she was describing police procedure generally, or whether she was testifying to her personal knowledge of whether the other parties had actually

11

been charged and arrested. *See Ex parte De La Cruz,* 466 S.W.3d at 871. Regardless, this Court is not properly positioned to determine the falsity or veracity of any of the discussed testimony because Petitioner's allegations of falsity have never been the subject of an evidentiary hearing, which would develop the necessary record evidence regarding the truthfulness of the statements and whether Petitioner's proffered affidavits are truthful or credible. Therefore, based on the record available to the Court, Petitioner cannot carry her burden of proving falsity and her first point of error should be overruled. *Id.;* TEX. R. APP. P. 33.1; *Ex parte Evans,* 410 S.W.3d at 485; *see also, e.g., Ex parte Tutton,* No. 10-14-00360-CR, 2015 WL 4384496 at *3.

**3.     Petitioner Fails to Establish the Materiality of the Evidence**

The jury heard evidence that, for two people who she knew, Petitioner provided unauthorized discounts and failed to charge for certain items because she wanted to give her friends a discount. TRR III: 17-18, 48. The jury heard that the total value lost by Target for the marked-down and uncharged items was $495.85. TRR III: 41. Petitioner also admitted to the jury that she sold a $24 bathmat for $5, a $49.99 DustBuster for $10, $1 for a $5 pair of socks, $5 for a $24.99 throw, $5 for a $25.99 bathmat, and $10 for a DVD player. TRR III: 83-86. She admitted that she gave discounts of over $26 for five different DVDs, and charged only $5 for another DVD player. TRR III: 87. Finally, Petitioner admitted that the only two

12

people who received such massive mark downs that day were her friends. TRR III: 92-93.

In addition to the witnesses' testimony, the jury saw the video evidence against Petitioner and was able to determine for themselves whether the video was consistent with her claim that she did not notice the unpaid items, and that she was being asked to price match the items she marked down. *See* TRR III: 22-26, 75, 87; SRR I: State's Exhibits No. 1 & No. 2. Finally, neither the prosecutor nor defense counsel mentioned whether the other parties had been arrested or charged for the offense during opening and closing arguments. TRR II: 73-78; TRR IV: 6-21; TRR IV: 35-42.

Thus, contrary to Petitioner's suggestion, the record demonstrates that nobody at Petitioner's trial created the impression on the jury that they should find her guilty based on greater evidence of her co-conspirators guilt, which could be inferred from whether they had been charged or arrested for theft. Rather, Petitioner's conviction was based solely on the strength of the evidence against her, and not the strength of the evidence against her co-conspirators. Petitioner's implication that the State sought its conviction on some theory of imputed guilt or guilt by association requires a completely inaccurate interpretation of the record. Petitioner was not convicted because the other parties to her crime were guilty; she was convicted because the State proved she was guilty beyond a reasonable doubt.

Assuming for the sake of argument that the objected-to testimony was false, the absence of any argument of Petitioner's implied guilt imputed from the apparent guilt other parties further demonstrates that the State's case relied solely on the strength of the evidence against her. Therefore, there is no reasonable likelihood that the outcome of Petitioner's trial might have been different absent any reference to the arrest or charging of the other parties. *See Ex parte Weinstein*, 421 S.W.3d at 665. Considering the great weight of the foregoing evidence and other evidence adduced at trial Petitioner has failed to carry her burden of establishing materiality by a preponderance of the evidence. *Ex parte De La Cruz,* 466 S.W.3d at 866. Accordingly, the Court should overrule Petitioner's first point of error.

## RESPONSE TO GROUND TWO

Petitioner failed to meet her burden of proving her ineffective assistance claim under the *Strickland* test by a preponderance of the evidence. The Court of Appeals' decision to overrule Petitioner's claim that her trial counsel was ineffective was not a departure from the accepted and usual course of judicial proceedings, and this Court need not exercise its power of supervision.

## A.    Standard of Review

A trial court's denial of a writ of habeas corpus is reviewed for abuse of discretion. *Ex parte Jones*, 473 S.W.3d at 853. The applicant seeking post-conviction habeas relief bears the burden of establishing by a preponderance of the evidence that the facts entitle her to relief. *Id.* "The trial court is the sole finder of

fact in a habeas proceeding." *Id.* When reviewing a trial court's denial relief, the courts view the facts in the light most favorable to the trial court's ruling. *Id.* Appellate courts afford almost total deference to the trial court's findings, especially when those findings are based on the evaluation of demeanor and credibility. *Id.* A trial court's judgment is upheld if it is correct on any theory of law applicable to the case. *Id.*

**B.     Applicable Law**

To establish an ineffective assistance claim, the complaining party must show that (1) her counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional error, there is a reasonable probability the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 687, 687-94, 104 S. Ct. 2052, 2064-68, 80 L. Ed. 2d 674 (1984); *Ex parte Jimenez*, 364 S.W.3d 866, 882-83 (Tex. Crim. App. 2012). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Failure to establish either prong defeats an ineffective assistance claim. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Texas courts indulge the strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Ex parte Jimenez*, 364 S.W.3d 883. An attorney's conduct is judged by the totality of the representation, not by isolated

15

acts or omissions. *Id.* "[T]he test is applied from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Id.* The complaining party bears the burden of proving her ineffective assistance claim by a preponderance of the evidence. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

An allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellate courts often comment that an undeveloped record usually cannot adequately reflect a trial attorney's reasons for his conduct, particularly when the alleged deficiencies are matters of omission rather than commission. *See, e.g., Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Trial counsel should normally be afforded the opportunity to explain his actions before being denounced as ineffective. *Rylander*, 101 S.W.3d at 111. When the record is silent regarding the reasons for counsel's conduct, a finding of ineffectiveness generally requires impermissible speculation. *Perez v. State*, 403 S.W.3d 246, 250 (Tex. App.—Houston [14th Dist.] 2008), *aff'd*, 310 S.W.3d 890 (Tex. Crim. App. 2010).

A defense attorney has a duty to make an independent investigation of the facts of the case, which includes seeking out and interviewing potential witnesses. *Perez*, 403 S.W.3d at 250. A breach of the duty to investigate may cause ineffectiveness where it results in a viable defense not being advanced. *Id.* The Court's review of ineffectiveness for failure to investigate must be assessed for

16

reasonableness under all the circumstances, applying a heavy measurement of deference to counsel's judgments. *Id. citing Strickland*, 466 U.S. at 691, 104 S.C.t at 2066.

## C.    Application

### 1.    Petitioner Fails to Present a Cognizable Claim

Petitioner fails to bring a cognizable claim of ineffective assistance before this Court because the factual basis for which she now seeks relief was not pled in her application. TEX. R. APP. P. 33.1; *Ex parte Evans,* 410 S.W.3d at 485. Petitioner's application pled that her trial counsel "failed to call" witnesses, which is a legally discrete claim from "failure to investigate," requiring a review of different factual bases, such as establishing that the witness was available and that the witness' testimony would have actually benefited the defense. *See Alvarado v. State*, No. 04-03-00289-CR, 2006 WL 332536 at *3 (Tex. App.—San Antonio 2006, pet. ref'd) (citing *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983)); *see also Perez,* 403 S.W.3d at 250. Because a "failure to investigate" complaint is not the same as the "failure to call" complaint Petitioner pled in her writ application, she has failed to present anything for this court to review. *See* WCR I: 7-9.

**2.      Petitioner Fails to Meet Her Burden Under *Strickland***

**a.**      There is no evidence that counsel's performance fell below the objective standard of reasonableness

Here, the record is completely silent as to what measures Petitioner's counsel took to investigate her case before trial. Nowhere in the record is there any evidence of whether or not her trial counsel sought to verify whether either party had been charged or arrested. Petitioner's trial counsel has also not had an opportunity to testify in his own defense regarding what actions he took to investigate her case before trial, and what his rationale was for his course of action. Petitioner alone bears the burden of establishing by a preponderance of the evidence that her trial counsel's performance fell below the objective standard of reasonableness in the manner in which he investigated her case. *See Strickland*, 466 U.S. 687, 687-94, 104 S. Ct. 2052, 2064-68. Petitioner assumes but has presented no evidence at all of her trial counsel's failure to investigate. Accordingly, finding of ineffectiveness would require impermissible speculation based on a silent record. *Perez v. State*, 403 S.W.3d 246, 250 (Tex. App.—Houston [14th Dist.] 2008). This Court should not entertain a finding of ineffectiveness until trial counsel has had the opportunity to explain his actions. *Rylander*, 101 S.W.3d at 111.

**b.**    There is no showing of a reasonable probability that the outcome would have been different but for counsel's error

Assuming, for the sake of argument, that Petitioner's counsel did err by failing to investigate whether the other parties had been charged or arrested, she fails to present any evidence to satisfy her burden of proving that, but for that error, there exists a reasonable probability that the outcome of her trial would have been different. *Strickland, 466 U.S. 687, 687-94, 104 S. Ct. 2052, 2064-68.* A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.* There is nothing on the record to indicate that the outcome of Petitioner's trial would have been any different absent any supposed failure to investigate on the part of her trial counsel. Because there is no evidence of a reasonable probability that the outcome of Petitioner's trial would have been different, and because trial counsel's conduct must be considered under all the circumstances, this Court should not entertain a finding of ineffectiveness based on a silent record. *Perez, 403 S.W.3d at 250; Rylander, 101 S.W.3d at 111; Strickland, 466 U.S. at 691, 104 S. C.t at 2066.*

Because Petitioner has failed to meet her burden of establishing either of the required prongs of her ineffective assistance claim by a preponderance of the evidence, the Court should overrule her second point of error. *See Rylander, 101 S.W.3d at 110.*

19

## CONCLUSION

In conclusion, Petitioner has failed to bring a cognizable claim before this Court because she failed to plead her appellate grounds for relief in her Application for Writ of Habeas Corpus. Furthermore, Petitioner has failed to establish her entitlement to relief for her complaints of false evidence, prosecutorial misconduct, and ineffective assistance by a preponderance of the evidence. Therefore, this Court should overrule Petitioner's first and second points of error and affirm the decision of the lower appellate court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully prays that this Court AFFIRM the trial court's judgment and deny Petitioner's request to reverse the court's judgments of conviction, punishment, and denial of application for writ of habeas corpus.

Respectfully Submitted,

/s/ Bill Moore
BILL MOORE
JOHNSON COUNTY ATTORNEY
Guinn Justice Center
204 South Buffalo Avenue
4th Floor, Suite 410
Cleburne, Texas 76033-5404
Telephone: 817.556.6330
Facsimile:  817.556.6331
efilecao@johnsoncountytx.org
State Bar No. 14321100

20

/s/ Colby Rideout

Colby Rideout
Assistant County Attorney
Guinn Justice Center
204 South Buffalo Avenue
4th Floor, Suite 410
Cleburne, Texas 76033-5404
Telephone: 817.556.6330
Facsimile:  817.556.6331
crideout@johnsoncountytx.org
State Bar No. 24073106

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) as it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. Further, this document complies with the word-count limitations of Texas Rule of Appellate Procedure 9.4(*i*), if applicable, because it contains 4,526 words. This document was drafted in Microsoft Word 2013.

/s/ Colby Rideout
Colby Rideout

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon:

Hon. George B. Mackey
121 N. Rayner Street
Fort Worth, Texas 76111
gmackey1@me.com

electronically on this the 22nd day of December 2017.

/s/ Colby Rideout
Colby Rideout