In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00258-CR
_____

MICHAEL RICHARD BOSWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-09-10821-CR**

_____

**MEMORANDUM OPINION**

In his sole issue on appeal, appellant Michael Richard Boswell, who was charged with unlawful possession of a firearm by a felon, contends that his trial counsel provided ineffective assistance by failing to pursue a hearing and obtain a ruling on a motion to suppress. We affirm the trial court's judgment.

BACKGROUND

Boswell was indicted for unlawful possession of a firearm by a felon, a third-degree felony, and his charge was enhanced by two prior felony convictions,

subjecting Boswell to the punishment range for a habitual offender. *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2017); *id.* § 46.04(a)(1) (West 2011). Boswell's trial counsel filed a motion to suppress evidence resulting from an illegal arrest, which included a pistol and contents of a safe, but counsel did not to set a hearing and obtain a ruling on the motion. Boswell pleaded "guilty" to the indicted offense and also pleaded "true" to the two enhancement paragraphs.

The trial court conducted a sentencing hearing, during which Detective Justin Schutzenhofer of the Montgomery County Narcotics Enforcement Team testified that he was conducting surveillance on Boswell's apartment based on information that methamphetamine was being distributed from that address. Schutzenhofer testified that after observing suspicious activity, he stopped a vehicle with an expired registration leaving Boswell's apartment. Schutzenhofer identified Boswell as one of the individuals in the vehicle, and he placed Boswell in custody for an active warrant. According to Schutzenhofer, Boswell gave the police consent to search his apartment, in which police found methamphetamine and a firearm. Schutzenhofer testified that he arrested Boswell for the offense of possession of a firearm by a felon. Boswell admitted to possessing the firearm the police found in his apartment. The trial court sentenced Boswell to imprisonment for a term of twenty-five years. Boswell appealed.

ANALYSIS

In his sole issue on appeal, Boswell claims his trial counsel provided ineffective assistance by failing to set a hearing and obtain a ruling on the motion to suppress. According to Boswell, there is no explanation in the record reflecting any justifiable reason why his trial counsel failed to have the trial judge rule on the motion to suppress. Boswell maintains that this Court should grant him a new trial to pursue his motion to suppress.

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that

3

counsel's actions fell within the wide range of reasonable and professional assistance." *Id.*

Boswell must prove that there was no professional reason for specific acts or omissions of his counsel. *See id.* at 836. Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient . . . as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (citation omitted). Before being denounced as ineffective, counsel must be allowed an opportunity to explain his actions. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

To prevail on an ineffective assistance claim based on counsel's failure to pursue a motion to suppress, Boswell must show by a preponderance of the evidence that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction. *See Jackson v. State*, 973 S.W.2d 954, 957, 961 (Tex. Crim. App. 1998); *Ex parte Jones*, 473 S.W.3d 850, 854 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd). Boswell must also produce

evidence defeating the presumption of proper police conduct. *See Jackson*, 973 S.W.2d at 957.

Boswell did not file a motion for new trial, so the record is silent as to why counsel did not set a hearing and obtain a ruling on the motion to suppress. *See Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833. With a silent record, we must presume that counsel's conduct falls within the wide range of reasonable representation. *See Strickland*, 466 U.S. at 687; *Bone*, 77 S.W.3d at 833. We cannot presume that counsel's conduct constituted ineffective assistance. *See Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833. In addition, Boswell has failed to demonstrate a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *See Bone*, 77 S.W.3d at 833; *see also Jackson*, 973 S.W.2d at 957; *Ex parte Jones*, 473 S.W.3d at 854. Accordingly, we overrule Boswell's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 30, 2018
Opinion Delivered July 11, 2018
 Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

5